RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0085P (6th Cir.)
File Name: 04a0085p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 03-5059

RODNEY TODD WOOSLEY,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Owensboro.
No. 01-00042—Joseph H. McKinley, Jr., District Judge.

Submitted: February 6, 2004

Decided and Filed: March 24, 2004

Before: NELSON, GILMAN, and ROGERS, Circuit
Judges.

_____

### COUNSEL

**ON BRIEF:** Steve P. Robey, Providence, Kentucky, for
Appellant. Terry M. Cushing, Larry E. Fentress,
ASSISTANT UNITED STATES ATTORNEY, Louisville,
Kentucky, for Appellee.

---

## OPINION

_____

ROGERS, Circuit Judge. Defendant Rodney Woosley
entered a conditional plea of guilty to knowingly and
intentionally possessing marijuana with intent to distribute, in
violation of 18 U.S.C. § 841(a)(1), and to possession of a
firearm in furtherance of a drug trafficking crime, in violation
of 18 U.S.C. § 924(c)(1)(A). On appeal, Woosley argues that
the district court should have granted his motion to suppress
evidence seized during a search of his business, on the ground
that the warrant authorizing the search was issued without
probable cause. Because we conclude that the warrant was
supported by probable cause, we affirm the judgment of the
district court.

On or about August 15, 2001, Kentucky State Trooper
Christopher Armbrust applied for a search warrant for
Woosley's business premises. In support of his application,
Trooper Armbrust prepared an affidavit on a pre-printed form.
The form identified Woosley's business, Quick Lube Plus, as
the premises to be searched and specified that the contraband
sought included marijuana, firearms, and other items related
to marijuana trafficking. The warrant application further
provided that Trooper Armbrust received information from

[a] confidential informant whom [sic] is known to the
affiant to be credible and reliable, who has provided
accurate information in the past which has been shown to
be truthful and reliable. This informant stated to the
affiant that on [August 15, 2001] they observed
approximately five pounds of processed marijuana under
the desk of the Owner Rodney Woosley. Also present
were two firearms which they described as Handguns
possibly 9MM.

Trooper Armbrust averred that he had previously received tips from "numerous independent informants" that indicated drug trafficking was occurring at the Quick Lube Plus and that he had received similar information from an officer at the local police department.[1]

Trooper Armbrust telephoned the county attorney and asked her for advice concerning the sufficiency of the affidavit. She opined that the affidavit was sufficient to support the application for a search warrant. Trooper Armbrust met with a state district judge, who issued a search warrant. During that meeting, Trooper Armbrust did not orally supplement the information set forth in the affidavit.

Trooper Armbrust promptly executed the search warrant and discovered marijauna, small amounts of other drugs, and two pistols at Woosley's place of business. In a two-count indictment, Woosley was charged with knowingly and intentionally possessing marijuana with intent to distribute, in violation of 18 U.S.C. § 841(a)(1), and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Woosley filed a motion to suppress the evidence found during the search, arguing that the affidavit supporting the search warrant did not establish probable cause and that the warrant was not executed in good faith. The district court denied the motion to suppress, finding that the affidavit alleged facts sufficient to establish probable cause. At his change of plea hearing, Woosley entered a conditional plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(a)(2), reserving his right to appeal his motion to suppress evidence. Woosley also moved for a hearing under *Franks v.*

---

[1] It appears that Trooper Ambrust received the tip from the confidential informant after the tips from the independent informants, but before he spoke to the local police department.

*Delaware*, 438 U.S. 154 (1978).[2] The district court issued an order denying Woosley's motion for a *Franks* hearing and accepting his conditional plea. Woosley filed this timely appeal.

The district court correctly concluded that Trooper Armbrust's affidavit was sufficient to establish probable cause because, considering the totality of the circumstances, the affidavit contained sufficient information to permit the issuing judge to make an independent determination of probable cause.[3] "In order for a judicial officer to issue a warrant, law enforcement officials must present evidence from which the magistrate judge can conclude from the totality of the circumstances, 'including the "veracity" and "basis" of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).

This court reviews the sufficiency of an affidavit to determine "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quotation omitted). The affidavit should be reviewed in a commonsense—rather than a hypertechnical—manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather

---

[2] Woosley presented the motion to the court during the hearing, and the court heard arguments. Woosley, however, did not formally file a written motion until the next day.

[3] In reviewing a district court's determination of probable cause after a suppression hearing, we uphold factual findings unless they are clearly erroneous, but review legal conclusions de novo. *United States v. Helton*, 314 F.3d 812, 820 (6th Cir. 2003).

than engaging in line-by-line scrutiny. *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). The magistrate's determination of probable cause is afforded great deference, and that determination should be reversed only if the magistrate arbitrarily exercised his discretion. *Id.*

In *United States v. Allen*, 211 F.3d 970 (2000) (en banc), which is relied on by both Woosley and the Government, we held that

> where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found.

*Id.* at 976 (emphasis omitted). In concluding that independent police corroboration of the information provided was unnecessary in such cases, we emphasized that probable cause determinations must be based on the totality of the circumstances and cautioned against a continuing reliance on formalistic "tests" that required the satisfaction of particular elements to support a finding of probable cause. *Id.* at 975-76.[4] Consequently, an affidavit including a tip from an informant that has been proven to be reliable may support a finding of probable cause in the absence of any corroboration. *See id.* at 976; *United States v. Smith*, 182 F.3d 473, 478-79 (6th Cir. 1999). Alternatively, an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information. *See Illinois v. Gates*, 462 U.S. 213, 241-45 (1983); *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000) ("[I]nformation received from an informant whose

---

[4]Thus, we do not read *Allen* as setting a rigid requirement that a confidential informant always be "named to the magistrate."

reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information."). Thus, the question is whether the instant affidavit, which contains little basis for the state court judge to assess independently the informant's credibility, otherwise includes sufficient corroboration that the state court judge could determine, under the totality of the circumstances, that probable cause existed.

Woosley complains that the affidavit did not contain sufficient information regarding Trooper Armbrust's confidential informant to permit the magistrate to make an independent evaluation of probable cause.[5] Trooper Armbrust's affidavit stated:

> [a] confidential informant whom [sic] is known to the affiant to be credible and reliable, who has provided accurate information in the past which has been shown to be truthful and reliable. This informant stated to the affiant that on [August 15, 2001] they observed approximately five pounds of processed marijuana under the desk of the Owner Rodney Woosley. Also present were two firearms which they described as Handguns possibly 9MM.

> . . . .

---

[5]Woosley's other objections to the sufficiency of the warrant clearly are without merit. For example, Woosley makes the argument that the desk described in the affidavit could be anywhere, because that portion of the warrant application did not specify a location. It is, of course, reasonable to infer that the desk is at the location for which a search warrant is sought. Woosley also makes the similarly meritless argument that the factual allegations are ambiguous because the phrase "the owner's desk" doesn't specify whether the owner in question owns the desk or the business. *See United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc) ( "Affidavits are not required to use magic words, nor does what is obvious in context need to be spelled out; if a CI saw guns, he is not required to explain how he knew what a gun looks like.").

Previously the affiant received information from numerous independent informants information which indicates that Drug Trafficking is occurring at this location. The affiant also has information that marijuana is packaged in parts boxes specifically alternator boxes.

The affiant also has spoken with Sgt. Jeffrey W. Hart of the Morganfield Police Department who also has information that Marijuana is trafficked out of this business and usually leaves the business in computer parts boxes.

While additional details about the confidential informant may have been helpful, "[t]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *Allen*, 211 F.3d at 975. Here, Trooper Armbrust, who had received information about drug dealing from Woosley's business location in the past, received a tip from a known, credible and reliable source. The tip identified the contraband with great specificity and described its particular location with precision. Trooper Armbrust then spoke with a local law enforcement officer, who confirmed that he had received similar reports. A magistrate could conclude, based on the totality of the circumstances described in the affidavit, that there was a fair probability that contraband or evidence of a crime would be found at Woosley's business. Accordingly, the warrant issued for Woosley's business was supported by probable cause.

Finally, we decline to consider Woosley's additional contention that the district court erred in denying his motion for a *Franks* hearing, because his conditional plea only reserved the right to appeal the district court's ruling—entered September 10, 2002—denying his motion to suppress. Federal Rule of Criminal Procedure 11(a)(2) provides that a criminal defendant, with the consent of the Government and the court, may enter a conditional plea, reserving in writing the right to appeal adverse decisions of

specified pretrial motions. Woosley's motion for a *Franks* hearing was not part of his motion to suppress, and it was not disposed of in the district court's September 10, 2002, order. Accordingly, Woosley may not appeal the district court's adverse ruling on his motion for a *Franks* hearing, as he did not reserve his right to appeal that issue.

Because the warrant authorizing the search of Woosley's business was supported by probable cause, the judgment of the district court is AFFIRMED.