UNITED STATES of America,
Plaintiff–Appellee,

v.

James Henry MURPHY Defendant–
Appellant.

No. 03–5032.

United States Court of Appeals,
Sixth Circuit.

May 4, 2004.

Mary M. Aubry, Asst. U.S. Attorney, Steve H. Cook, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, Harry S. Mattice, Jr., U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

T. Scott Jones, William R. Banks, Bank & Jones, Knoxville, TN, for Defendant–Appellant.

Before KRUPANSKY and GILMAN, Circuit Judges, and RUSSELL, District Judge.*

KRUPANSKY, Circuit Judge.

The defendant-appellant James H. Murphy ("Murphy" or "the defendant") has contested his jury conviction under 18 U.S.C. §§ 922(g) and 924(e) for possessing three firearms and ammunition following a felony conviction. The defendant has contended that the police officers who had seized the charged contraband inside his home had illegally searched his residence because their authorizing warrant allegedly had been issued upon unreliable informant evidence and. thus upon less than "probable cause." Murphy has argued that the district court's failure to grant his pre-trial suppression motion unlawfully prejudiced his defense.

The Knoxville, Tennessee Police Department Organized Crime Bureau's Narcotics Unit had targeted Murphy as a suspected narcotics distributor. A female confidential informant ("CI") who had supplied reliable information in the past to law enforcement operatives including Officer Bruce Wayne Conkey ("Conkey") (an eight-year veteran of the Knoxville police force whose service included two years with the Knoxville Narcotics Unit) fur-

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

nished Conkey with incriminating intelligence about Murphy's illegal commerce in controlled substances, including "controlled buy" evidence of cocaine purchased from Murphy on two recent occasions.

On January 6, 2000, in reliance upon the CI's evidence. Officer Conkey swore out a five-page search warrant affidavit before a state court judicial commissioner, by which, among other things, the constable specifically identified the target of the investigation (defendant Murphy), the premises to be searched (606 Fern Street, the defendant's home address), the items (including firearms, cash, and implements of the narcotics trade) to be seized therefrom, the affiant's extensive professional narcotics investigative training and experience, and the CI's purchase of cocaine from Murphy inside his home within seventy-two hours of the affidavit's execution. The lawman further posited by affidavit that the unnamed CI had been involved in regular cocaine transactions for ten years, and had provided reliable information in the past to narcotics investigators including the declarant, but that the exposure of her identity could endanger her life. Regarding the CI's accrued credibility, and her subject pair of controlled purchases of cocaine from Murphy, the investigator's affidavit asserted:

4.) Further in the past, the confidential and reliable informant under the supervision of the affiant, has done at least **two** controlled and directed purchase [sic] from **James H. Murphy** (*alias*) at the residence **606 Fern St.**, described above. Affiant has observed the confidential and reliable informant enter the residence of **James H. Murphy** (*alias*) with a sum of money and leave the residence with a **white powder substance** identified by the confidential and reliable informant as being **cocaine.** The affiant searched the confidential and reliable informant before, and after the controlled and directed purchases from

**James H. Murphy** (*alias*). The affiant field tested the **white powder substance** which tested positive for **cocaine.**

5.) In the past **thirty-eight months** the confidential and reliable informant under the supervision and view of the affiant, has done at least **thirty-four** controlled and directed purchases that resulted in **sixteen** arrests that are pending and the confiscation of **marijuana, cocaine and crack cocaine.** Affiant states that information provided by the confidential and reliable informant in the past has always proven to be reliable.

6.) The confidential and reliable informant showed the affiant the residence at **606 Fern St.**, described above. Affiant checked and found through JIMS (Justice Information Management System) and CISCO (*Creative Information Systems Company Incorporated*) that **James H. Murphy** (*alias*) is a resident at **606 Fern St. James H. Murphy** (*alias*) has been arrested 3 times in the past 7 years on drug related charges resulting from the execution of search warrants at 606 Fern St., described above.

(Emphases in original.)

The commissioner issued the requested search warrant. The subsequent warrant search of Murphy's domicile produced three handguns plus ammunition, thirteen bundles of United States currency totaling $19,090.00, and drug paraphernalia. On January 8, 2002, a federal grand jury returned a four-count indictment against Murphy that charged him with post-felony possession of the three pistols (counts one through three) and the ammunition (count four). On April 4, 2002, the defendant moved to suppress the evidence discovered during the search of his residence on the dual rationale that (1) the subject warrant allegedly had not been supported by prob-

able cause, and thus its evidentiary fruits should be excluded under *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); and (2) the "good faith" exception to the exclusionary rule created by the Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), did not excuse the alleged illegality. Following briefing and a May 22, 2002 evidentiary hearing, a United States Magistrate Judge, via his June 25, 2002 Report and Recommendation ("R & R"), concluded that Officer Conkey's affidavit was facially sufficient to supply probable cause for the assailed search warrant, and thus the evidentiary fruits of the search were admissible against Murphy.

The defendant filed timely objections to the R & R, by which he restated his prior criticisms of the officer's affidavit, including his claims that the affiant officer's withholding of the CI's name and his failure to allege any quantity and/or means of storage of the cocaine expected to be found inside Murphy's house invalidated the warrant for lack of specific material details which might have bolstered the CI's overall credibility. Furthermore, Murphy again averred that the unnamed CI's information was inherently non-credible because it allegedly had not been sufficiently corroborated by independent reliable evidence.

On July 25, 2002, the district court overruled each of the defendant's facially misconceived objections, adopted the R & R, and journalized an order denying evidence suppression. On September 17, 2002, following a two-day jury trial, Murphy sustained adverse verdicts on each of the indictment's four charges. On December 11, 2002, the trial court sentenced Murphy to four concurrent 188–month terms of incarceration plus a $400 assessment, to be followed by five years of supervised release with special conditions including testing and treatment for drug and alcohol abuse and prohibition against the possession of any dangerous weapon. On December 20, 2002, the defendant noticed a timely appeal.

Generally, evidentiary rulings should be scrutinized for "abuse of discretion." *See General Electric Co. v. Joiner*, 522 U.S. 136, 142–43, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *United States v. Mack*, 258 F.3d 548, 553 (6th Cir.2001). "In reviewing a challenge to a motion to suppress, we review factual findings for clear error and review legal determinations *de novo*."[1] *United States v. Wright*, 343 F.3d 849, 863 (6th Cir.2003), *cert. denied* — U.S. —, 124 S.Ct. 2016, 158 L.Ed.2d 490 (2004). The appellate court should sustain a lower court's denial of suppression if its "conclusion can be justified for any reason." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir.1994).

On review, Murphy has asserted that the district judge should have suppressed the firearms and ammunition located inside his residence because the warrant search was allegedly unsupported by the "probable cause" required by the Fourth Amendment.[2] The existence of "probable cause" on a particular set of facts poses a

---

1. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995) (explaining that an abuse of discretion occurs "when the reviewing court is firmly convinced that a mistake has been made. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses [an] erroneous legal standard.").

2. The Fourth Amendment posits that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

*de novo* legal issue. *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Martin,* 289 F.3d 392, 396 (6th Cir.2002). Nonetheless, "[w]hen reviewing the decision to issue a warrant, a court faced with a suppression motion owes 'great deference' to the issuing magistrate." *United States v. Mick,* 263 F.3d 553, 562 (6th Cir.2001). In assessing the initial "probable cause" judgment, the reviewing court should deferentially examine, for legal sufficiency, the "totality of the circumstances" presented to the commissioner by affidavit in support of the requested warrant. *United States v. King,* 227 F.3d 732, 739 (6th Cir.2000).

At bottom, the Tennessee court commissioner's decision to grant the implicated warrant request should be sustained if he "had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing." *Mick,* 263 F.3d at 562 (*citing Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); *see United States v. Allen,* 211 F.3d 970, 973 (6th Cir.2000) (*en banc*) ("this circuit has long held that an issuing magistrate's discretion should only be reversed if it was arbitrarily exercised."). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates,* 462 U.S. at 238–39. "Such affidavits 'are normally drafted by non-lawyers in the midst of a criminal investigation,' and should be interpreted in 'a commonsense manner,' not by imposing 'technical requirements of elaborate specificity.'" *United States v. Elkins,* 300 F.3d 638, 649 (6th Cir.2002).

Initially, the overall fundamental defect tainting the defendant's entire assault against Officer Conkey's affidavit is that Murphy faults that declaration for what it did *not* include, rather than identifying some purported fatal deficiency in the totality of the evidence which *was* contained therein. "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."[3] *Allen,* 211 F.3d

" 'Probable cause' denotes 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988) (*quoting Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979))." *Painter v. Robertson,* 185 F.3d 557, 569 (6th Cir.1999). "Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Ferguson,* 8 F.3d 385, 392 (6th Cir.1993) (*en banc*). This standard requires proof of "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates,* 462 U.S. 213, 244 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). An assessment of probable cause should consider the totality of the circumstances. *Id.* "This totality of the circumstances analysis includes a realistic assessment of the situation from a law enforcement officer's perspective." *Ferguson,* 8 F.3d at 392. *See also United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

3. In *Allen,* as evolved below, the Sixth Circuit resolved *en banc* that no independent police corroboration of "tip" information supplied by a confidential informant is necessary when the affiant credibly vouches for the known reliability of that informant. *See United States v. Woosley,* 361 F.3d 924, 926–27 (6th Cir.2004) (*citing United States v. Allen,* 211 F.3d 970, 975–76 (6th Cir.2000) (*en banc*)). When, as in the action *sub judice,* the issuing

at 975. As developed above, in the case *instanter,* Officer Conkey's affidavit identified the precise criminal suspect (the defendant), the precise felonies of which he was suspected (narcotics trafficking and related offenses), the precise contraband that he was believed to possess (including guns, large sums of cash drug proceeds, and narcotics trade implements), the precise location of his targeted illicit possessions (his residential address), and the precise reasons for the officer's suspicions (two recent controlled buys of positively-tested cocaine from the suspect at his residence consummated by a CI personally known to the investigator/affiant to have been a consistently reliable long-term informant). That information was facially sufficient to support a probable cause finding, irrespective of any claimed additional details which might also have been included within the affidavit.

Murphy's primary *specific* contention was that the affidavit in the present case failed to establish probable cause because, unlike the situation in *Allen,* Officer Conkey did *not disclose the name of the CI* to the commissioner who issued the warrant. In support of his contention, Murphy has relied on the following statement in *Allen:* "[W]here a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate *may* believe that evidence of a crime will be found." 211 F.3d at 976. (Emphasis in original). Murphy's argument emphasized the words "named to the magistrate." This court believes,

however, that the more important part of the statement is "a known person ... to whose reliability an officer attests with some detail."

As the *Allen* court recognized, the fact that information is provided by "a known person" distinguishes cases like the present one from cases where the information comes from an *anonymous* informant. *Id.* ("The CI was not anonymous, but personally known to the detective who swore the affidavit, and who revealed the CI's name to the magistrate."). Where informants are anonymous, courts have "rightly insisted upon substantial independent police corroboration, because of the absence of any indicia of the informants' reliability." *Id.* But in cases like the present one, where the CI is "a known person," *Allen* resolved that probable cause may be established even if the CI's information is not "personally corroborated by further police investigation." *Id. See also Woosley,* 361 F.3d at 926–28; *United States v. Johnson,* 351 F.3d 254, 258–59 (6th Cir.2003); *United States v. King,* 227 F.3d 732, 740–43 (6th Cir.2000); *United States v. Williams,* 224 F.3d 530, 531–33 (6th Cir.2000).

Whether probable cause exists thus turns on the existence of "any indicia of the informants' reliability." The fact that the informant is "a known person ... to whose reliability an officer attests with some detail" boosts the informant's reliability. Unless the magistrate is personally familiar with the informant, however, the fact that the officer has disclosed the informant's name adds nothing of value on this issue. In the present case, therefore, be-

judicial officer credits the affidavit's recitations, and/or the magistrate or judge presiding over an evidentiary suppression hearing credits the declarant's testimony, those credibility determinations are accorded great def-

erence, and rarely are disturbed on review. *See Anderson v. City of Bessemer,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *United States v. Gessa,* 57 F.3d 493, 496 (6th Cir.1995).

cause there is no evidence that the commissioner who issued the warrant was already familiar with the CI, the fact that Officer Conkey did not disclose the CI's name is not material to the "probable cause" analysis.

This reviewing court has carefully considered the trial court record, the controlling law, and the briefs and all arguments of counsel, and has concluded that the defendant's assignments of error were each ill-conceived. Because the Tennessee court commissioner did not legally err or abuse his discretion by issuing the subject search warrant upon a sustainable finding of probable cause, the trial court correctly denied Murphy's suppression motion. Accordingly, because neither the state court commissioner nor the Knoxville police transgressed Murphy's Fourth Amendment rights, no need exists for this appellate court to address *Leon*'s "good faith" exception to the exclusionary rule.

Hence, for the reasons articulated in the magistrate's R & R and the district court's opinions, as well as the reasons developed herein, the lower court's rejection of Murphy's petition to suppress evidence seized from his residence pursuant to the subject valid search warrant, and his judgment of conviction and sentence, are **AFFIRMED.**