**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0395n.06**
**Filed: May 13, 2005**

**Nos. 04-5064, 04-5068**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANDREW BRYANT AND CURTIS | ) | WESTERN DISTRICT OF TENNESSEE |
| MURPHY, | ) | |
| | ) | |
| Defendants-Appellants. | | |

Before:  BOGGS, Chief Judge; COOK, Circuit Judge; and BEER, District Judge.[*]

BEER, District Judge.  Both defendants appeal their convictions for various drug and firearm offenses, challenging the affidavit supporting the search warrant and the admission of certain prior-bad-act evidence at trial.  In addition, Murphy challenges his sentence on Sixth Amendment grounds in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  For the following reasons, we affirm the defendants' convictions.  However, we vacate the Murphy's sentence and remand for re-sentencing consistent with the Supreme Court's decision in *Booker*.

I

---

[*]The Honorable Peter H. Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

The Union City, Tennessee police department had long suspected the defendants of selling cocaine. In early 2003, Union City police officer Palmer received information from a Chicago police officer confirming the department's suspicion. The Chicago officer relayed information from a confidential informant, who, after being arrested for possession of crack, told the officer: (1) that Bryant had 2 kilos of cocaine when he drove him to the bus station; (2) that Bryant was traveling to Union City where Murphy would pick him up and take him to Murphy's 795 Pleasant Valley apartment—a residence where both defendants lived; and (3) that he saw .5 kilos of cocaine in the defendants' residence within the last 72 hours.

With this information, Officer Palmer swore out an affidavit to obtain a warrant to search the defendants' apartment. In the affidavit, Officer Palmer included the information, provided by the confidential informant, as well as corroborating information from another source. This source had personal knowledge of the hidden location of a sawed-off shotgun that he alleged belonged to Murphy, and which was later recovered by the police. The source also had personal knowledge that Murphy dealt drugs and possessed cocaine and firearms at his apartment.

Based on Officer Palmer's affidavit, a Tennessee magistrate found probable cause, issued a search warrant, and police searched and seized from the defendants' residence 129.2 grams of crack, 137.2 grams of marijuana, three handguns, and cash. After a federal grand jury indicted the defendants on drug and firearm charges, the defendants moved to suppress the evidence, arguing the affidavit did not provide probable cause to issue the warrant because it failed to establish the reliability of the confidential informant. The district court denied the motion.

The defendants proceeded to trial, where the government called Vincent Snow and Carlotta Banks to testify concerning prior drug sales with Murphy in the Union City area. The government sought to introduce this Rule 404(b) evidence to demonstrate intent—as the defendants were charged with, among other things, aiding and abetting each other in possessing with the intent to distribute—and knowledge, as the defendants denied knowing about the drugs found in their apartment. The district court conducted the appropriate Rule 404(b) three-part analysis and admitted the evidence, while providing clear limiting instructions to the jury to use the evidence only for knowledge or intent. The jury then convicted the defendants on three separate drug offenses and one firearm offense each.

II

A

The defendants first argue the district court erred in not suppressing evidence found under the search warrant, contending the affidavit supporting the warrant failed to establish probable cause. In particular, they argue the information in the affidavit was based on a tip from an unreliable confidential informant and stale. We disagree.

Even assuming the confidential informant was unreliable, Officer Palmer sufficiently corroborated the information. Under *Illinois v. Gates*, this court judges the sufficiency of an affidavit based on the "totality of the circumstances," taking a "commonsense" approach and considering an informant's veracity, reliability, and basis of knowledge as "intertwined," "highly

relevant" considerations. 462 U.S. 213, 230-31 (1983). As this court noted in *United States v. Woosley*, "an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." 361 F.3d 924, 927 (6th Cir. 2004).

In this case, Officer Palmer sufficiently corroborated the confidential informant's tip through a second reliable source, who corroborated certain important information—i.e., the presence of certain amounts of drugs and types of firearms at Murphy's apartment.

Bryant counters by pointing out that the corroborated information concerned Murphy and not himself, and thus the tip was unreliable as to him. Bryant, however, fails to appreciate the purpose of corroboration— not to necessarily corroborate every detail, but to increase the reliability of the information. *See Gates*, 462 U.S. at 244-45 ("It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduce[s] the chances of a reckless or prevaricating tale'. . . ."). Importantly, any shortcomings with respect to these informants' reliability can be more than made up with their detailed, first-hand knowledge concerning the defendants' drug-trafficking. *See id.* at 234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case."). As discussed above, the confidential informant imparted such knowledge. He knew the amount of cocaine Bryant possessed, that Bryant had left on a bus to Union City from Chicago, and the location

of a quantity of cocaine in the defendants' residence. Thus, based on the totality of the circumstances, the affidavit provided probable cause for the warrant.

The defendants also contend the affidavit contained stale information. But, as the district court found, the first confidential informant told police that he had been inside Murphy's apartment and had seen cocaine there within the last 72 hours. In any event, evidence of an ongoing criminal activity—like the drug-trafficking in this case—"will generally defeat a claim of staleness." *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001).

B

This court has established a three-part test for admitting evidence of other acts under Rule 404(b), with the third step consisting of determining whether the potential prejudicial effect of the evidence substantially outweighs its probative value. *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir. 2002). The defendants challenge the district court's balancing determination.

At trial, the government called Snow and Banks to testify concerning prior drug transactions with Murphy, intending to establish the defendants' intent to distribute drugs and their knowledge of the drugs found at their residence. The district court allowed this evidence, but provided two limiting instructions to mitigate any prejudicial effect on the jury. The defendants nonetheless argue that the evidence unduly prejudiced the jury because it dealt with drug sales that did not occur at the defendants' 795 Pleasant Valley residence, and thus its probative value for demonstrating the defendants' knowledge of drugs at *that* residence was low.

The defendants' argument fails to persuade us. While we agree that this evidence of prior bad acts was not particularly probative of knowledge, it remained, however, highly probative in proving intent to distribute—especially in the Union City area, where the police seized the drugs and all these prior sales occurred. The other-acts evidence showed that Murphy had intentionally dealt drugs in Union City in the past. Thus, it is probative for showing that he possessed the drugs here with the same intent to sell them. Though the defendants argue that the evidence lacks probative value because the prior sales did not occur specifically at the 795 Pleasant Valley, Union City address, this fact hardly, if at all, undermines the value of the evidence or serves to demonstrate substantial prejudice.

Additionally, in balancing prejudice and probative value, we usually consider three factors—the availability of other means of proof, how long ago the other acts occurred, and the nature of the limiting instructions—all of which support the district court's decision here. *See United States v. Myers*, 123 F.3d 350, 363-64 (6th Cir. 1997). First, as this court has recognized, in prosecuting specific-intent crimes "prior acts evidence may be the only method of proving intent." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). We believe, in this case, the evidence of prior drug sales served as one of the few options available to the government in proving intent. Second, the prior acts, taking place between two months and three years from the charged conduct, occurred sufficiently near in time to be more probative than prejudicial. *See, e.g., United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (evidence of prior bad acts allowed despite events occurring 2-4 years before the charged conduct). Third, the district court here gave two specific and accurate limiting instructions, cautioning the jury to use the evidence only for intent and knowledge

and not for guilt.  *See, e.g., Myers*, 123 F.3d at 364.  Based on these factors, we conclude that the

district court did not abuse its discretion in balancing the prejudicial and probative value of this

evidence.

C

In light of the Supreme Court's decision in *Booker*, Murphy filed a supplemental brief,

contending that his sentence violates the Sixth Amendment because the district court found a

different drug quantity than that charged in the indictment and determined by the jury and that the

district court found two prior convictions that might have occurred when Murphy was a juvenile.[1]

As this Court found in  *United States v. Barnett* 398 F.3d 516, 530 (6th Cir.2005),

Murphy's sentence "was imposed under a framework that has now been substantially altered. . .

."  As such, it would be fundamentally unfair to allow Murphy's sentence to stand as it was

imposed under a mandatory Guidelines regime. *Id.; see also  United States v. Oliver*, 397 F.3d

369, 381 (6th Cir. 2005).  Therefore, we vacate the sentence  allowing  the district court to re-

sentence Murphy.

III

---

[1]      The indictment charged Murphy with possession with the intent to distribute 129.2 grams of crack and 137.2 grams of marijuana.  Because the offense involved two types of drugs, the court converted the cocaine base to a marijuana equivalent for a total of 2584 kilograms of marijuana.  The district court then sentenced him to the Guidelines range for that amount under U.S.S.G. § 2D1.1(c)(4).  Although the district court at no time determined a higher drug quantity than that charged in the indictment, Murphy challenges the court's equivalence determination. Also, the  court  considered two prior convictions, both committed when Murphy was 18years old.

Nos. 04-5064, 04-5068
*U.S. v. Bryant, Murphy*

For the foregoing reasons, we **AFFIRM** both defendants' convictions and **VACATE**

Murphy's sentence and **REMAND** for re-sentencing by the district court.