**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0124n.06
Filed: February 16, 2006

No. 04-2542

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Jeremiah France, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MARTIN, and COLE, Circuit Judges.

**MERRITT, Circuit Judge.**  Defendant Jeremiah France pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  In entering his guilty plea, France reserved his right to appeal the order of the district court denying his motion to suppress evidence seized from his residence pursuant to a search warrant.  France now appeals from the district court's order denying his motion to suppress and from his sentence.  For the reasons set forth below, we AFFIRM the district court's denial of France's motion to suppress, and France's subsequent conviction.  However, we VACATE the sentence of the district court and REMAND for re-sentencing consistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

**I.**

On December 3, 2003, Detective Maureen O'Brien of the Grand Rapids Police Department

sought and obtained a warrant to search the residence located at 1320 Cass Avenue SE in Grand

Rapids, Michigan.  Probable cause for the search warrant was substantiated by Detective O'Brien's

affidavit, which was attached to the application for the warrant.  The affidavit stated:

> [Y]our affiant met with a reliable and credible informant who indicated from
> personal knowledge that cocaine could be purchased at the above described
> premises.  This informant from personal knowledge is familiar with the
> characteristics of cocaine, the manner in which cocaine is used and sold in the
> community.  When your affiant met with the informant, the informant directed your
> affiant to the above described premise.  The informant had been at the above
> described premises within the last 36 hours and observed a quantity of cocaine being
> sold there.  The cocaine as described by the informant is being sold for various
> amounts of US currency.
> The cocaine is easily concealed on or about the person.  When the informant left the
> premise, there were additional amounts of cocaine on the premise being offered for
> sale.  The person(s) selling the cocaine is/are described as: 1) B/M, Jeremiah France,
> 5'7"/180, 45 yrs
> Your affiant has known the informant 6 months and has made 10 controlled
> purchases of controlled substances: cocaine.  All of these controlled purchases tested
> positive for the controlled substance cocaine.  The informant has supplied
> information on 20 drug traffickers in the community said information having been
> verified by your affiant through police records, personal observations, other police
> officers, and other reliable informants.  The said informant has supplied information
> for the issuance of 4 prior search warrants.  The information led to the arrests of 2
> subjects for violations of the controlled substance act.

Detective O'Brien and a team of other officers executed the warrant that day.  During the

search of the residence, Detective O'Brien found an unloaded, .45-caliber, Colt semi-automatic

pistol and three rocks of cocaine, totaling 0.392 grams, in the bedroom that France shared with his

wife.   The police officers also found indicia of drug trafficking, including a razor blade and

sandwich bags with the corners cut off, in the kitchen and dining room.  France was arrested at the

conclusion of the search.  On February 12, 2004, France was charged with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Following his indictment, France entered a plea of not guilty.  France then moved to suppress the evidence seized from his residence during the execution of the search warrant, arguing that the affidavit supporting the search warrant was an insufficient "bare bones" affidavit within the meaning of this Court's decision in *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996), and hence lacked probable cause.  In addition, France argued that the warrant was not saved by the "good faith" exception established by *United States v. Leon*, 468 U.S. 897 (1984).  The district court agreed that the affidavit was similar to that affidavit in *Weaver* and concluded that there was no probable cause for the issuance of the warrant.  Nevertheless, the court held that Detective O'Brien acted in good faith and reasonably relied upon the validity of the warrant in executing the search under *Leon*.  The district court therefore denied the motion to suppress.  Thereafter, France entered a conditional guilty plea, reserving the right to appeal the district court's denial of the motion to suppress, and the district court sentenced him to 120 months of imprisonment.  France then filed this timely appeal.

## II.

## A.

The first issue presented by this appeal is whether the district court erred in denying the motion to suppress evidence seized from France's residence pursuant to a search warrant.  A district court's ruling on a motion to suppress is subject to a mixed standard of review.  This Court will uphold the factual findings supporting the district court's decision unless clearly erroneous.  The district court's legal conclusions as to the existence of probable cause are, however, reviewed de

novo. *United States v. Leake*, 998 F.2d 1359, 1362 (6th Cir. 1993). This court is required to give

"great deference" to the issuing judge's determination of probable cause, which "should not be set

aside unless arbitrarily exercised." *Id.* at 1363 (quoting *United States v. Pelham*, 801 F.2d 875, 877

(6th Cir. 1986)). As the Supreme Court has stated, the warrant must be upheld as long as the

magistrate had a "substantial basis" for concluding that the affidavit established probable cause to

believe that contraband or evidence would be found at the place cited. *Illinois v. Gates*, 462 U.S.

213, 236 (1983).

In the present case, the district court accepted France's argument that there was insufficient

corroboration and explicitness of detail in the underlying affidavit to establish probable cause for

the issuance of a warrant. Specifically, the district court found that the affidavit, similar to those

criticized in *Weaver* and *United States v. Hammond*, 351 F.3d 765 (6th Cir. 2003), failed to supply

certain important details such as whether the police corroborated the informant's information;

whether the informant's identity was disclosed to the judicial officer; whether the informant had

made a controlled purchase of cocaine from France; and a description of the amount of drugs

involved. The district court further faulted the affidavit's statement that the informant had been at

France's residence "within the last 36 hours," because this time frame was customarily included in

affidavits used by the Grand Rapids Police Department to obtain search warrants. Relying on

*Weaver*, the district court concluded that the affidavit supporting the search warrant was a "bare

bones" affidavit that "failed to provide sufficient factual information for a finding of probable

cause." *Weaver*, 99 F.3d at 1379-80. We respectfully disagree with this conclusion. Instead of

assessing the "totality-of-the-circumstances," as it was required to do under *Illinois v. Gates*, the

district court erroneously focused on isolated issues, specifically corroboration and explicitness of detail, and ignored other indicia of reliability. In so doing, the court invalidated the warrant by interpreting the affidavit "in a hypertechnical, rather than commonsense, manner," an approach which was rejected in *Gates*. 462 U.S. at 236; *see United States v. Smith*, 182 F.3d 473, 478 (6th Cir. 1999).

This case is governed by *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (en banc), in which we considered the sufficiency of an affidavit that stated: (1) that the affiant had known the informant for 5 years, during which time the informant provided reliable information about criminal activity; (2) that the informant's name had been disclosed to the issuing judge; and (3) that the informant had personally observed cocaine in the suspect's apartment within the previous 72 hours. *Id.* at 971-72. We found that, taken as a whole, the affidavit provided sufficient facts from which the magistrate could draw an independent conclusion as to probable cause and held that:

> [W]here a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate *may* believe that evidence of a crime will be found.

*Id.* at 976 (emphasis in original). In concluding that independent police corroboration of the information provided was unnecessary in such cases, we emphasized that probable cause determinations must be based on the totality of the circumstances and cautioned against a continuing reliance on formalistic "tests" that required the satisfaction of particular elements to support a finding of probable cause. *Id.* at 975-76.

It is the totality of the circumstances that persuade us that the affidavit in the instant case was, in fact, not merely "bare bones" in nature but sufficient for a finding of probable cause. Here, the affidavit states that the confidential informant, within the last 36 hours, had been "at" France's residence, and that while on the premises he observed a quantity of cocaine being sold. The affidavit also indicates that when the informant left the premises, he observed additional amounts of cocaine being offered for sale. In the affidavit, Detective O'Brien averred that she had known the informant for six months, and that he was reliable and credible. The affidavit states that the informant had given Detective O'Brien reliable information in the past on 20 drug traffickers in the community, leading to 2 drug arrests. Furthermore, the affidavit states that the confidential informant had supplied information for the issuance of four search warrants in the past. The fact that the affidavit lacked certain details, such as the quantity of drugs observed and corroborating information, is not fatal. As the *Allen* court stressed, "[t]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *Id.* at 975. Because the informant was personally known to the detective who swore the affidavit, the informant's reliability was established, and the information alleged was of direct personal observation of criminal activity, police corroboration was not required. *Id.* at 976; *see United States v. Woosley*, 361 F.3d 924, 926-27 (6th Cir. 2004) ("[A]n affidavit including a tip from an informant that has been proven to be reliable may support a finding of probable cause in the absence of any corroboration."). Although the affidavit here, like the affidavit in *Weaver*, did not indicate the amount of drugs observed, unlike the *Weaver* affidavit, it did contain facts that would support a belief that drugs were being held in the house for sale. The affidavit expressly indicated that the confidential informant had seen

additional amounts of cocaine being offered for sale to other individuals. *See Allen*, 211 F.3d at 974

(explaining that "what was lacking in the *Weaver* affidavit was any indication of probable cause to

suspect drug *trafficking*").  A magistrate could conclude, based on the totality of the circumstances

described in the affidavit, that there was a fair probability that contraband or other evidence of a

crime would be found at France's residence.

Given this clear outcome under *Allen*, we need not consider whether the "good faith"

exception from *United States v. Leon*, 468 U.S. 897 (1984), applies. *See United States v. Pinson*,321

F.3d 558, 565 (6th Cir. 2003); *United States v. Williams*, 224 F.3d 530, 533 (6th Cir. 2000).

**B.**

France contends that his sentence should be vacated and remanded for re-sentencing in light

of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

The government concedes that France's sentence imposed under the then mandatory federal

sentencing guidelines constituted plain error, and that remand to the district court for re-sentencing

is appropriate.  *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005).  We agree.

France also claims that the district court erred in applying a four-level enhancement under

U.S.S.G. § 2K2.1(b)(5), arguing that the record contains insufficient evidence to support such an

enhancement.  We need not address this claim now given that the district court must reconsider the

defendant's sentence in its totality upon remand.  Instead, "we encourage the sentencing judge to

explicitly state his reasons for applying particular Guidelines, and sentencing within the

recommended Guidelines range, or in the alternative, for choosing to sentence outside that range.

Such a statement will facilitate appellate review as to whether the sentence was 'reasonable.'"

*United States v. Jones*, 399 F.3d 640, 650 (6th Cir. 2005); *United States v. Davis*, 430 F.3d 345, 362

(6th Cir. 2005).

## III.

We disagree with the district court's determination that the affidavit here was "bare bones."

We conclude, however, that the district court's denial of the motion to suppress should be affirmed

because the warrant issued to search France's residence was supported by probable cause.  It is well

established that this Court may affirm a district court holding for reasons other than those stated by

the lower court.  *See, e.g., Leake*, 998 F.2d at 1367 (citing *Foster v. Kassulke*, 898 F.2d 1144, 1146

(6th Cir. 1990)).  Therefore, we AFFIRM the district court's denial of the motion to suppress, and

France's subsequent conviction.  However, we VACATE France's sentence and REMAND for re-

sentencing consistent with the Supreme Court's decision in *Booker*.