NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0619n.06

No. 11-5660

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff-Appellee,                )
                                       )        ON APPEAL FROM THE
v.                                     )        UNITED STATES DISTRICT
                                       )        COURT FOR THE WESTERN
GREGORY L. REDDEN,                     )        DISTRICT OF TENNESSEE
                                       )
    Defendant-Appellant.               )
                                       )

BEFORE: BOGGS and COLE, Circuit Judges; OLIVER, Chief District Judge.[*]

PER CURIAM. Gregory L. Redden appeals the district court's order denying his motion to suppress.

On January 3, 2010, law enforcement officers executed a search warrant at Redden's motel room and discovered counterfeit Federal Reserve Notes and counterfeiting equipment. Redden was charged with conspiring to manufacture and possess counterfeit Federal Reserve Notes, manufacturing counterfeit Federal Reserve Notes, and possessing counterfeit federal reserve notes, in violation of 18 U.S.C. §§ 371, 471, and 472. After the district court denied Redden's motion to suppress the evidence seized during the search of his motel room, he pleaded guilty to the charges against him. The district court sentenced him to three concurrent prison terms of forty-one months.

---

[*]The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Redden argues that the search warrant was invalid because the supporting affidavit lacked probable cause and that the good-faith exception to the exclusionary rule should not apply. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. McCraney*, 674 F.3d 614, 616 (6th Cir. 2012). "The Fourth Amendment mandates that a search warrant may only be issued upon a showing of probable cause." *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010). "Probable cause exists when there is a fair probability . . . that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks omitted).

When reviewing the sufficiency of a search warrant affidavit, we consider "whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). "[W]here a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found." *Id.* (quoting *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (en banc)).

Here, the affidavit supporting the search warrant stated that, during the previous twenty-four hours, the officer seeking the warrant had been working on a case involving the making of counterfeit money. The affidavit, while not a model of grammar, also stated that the officer was working with a citizen informant who had provided credible information in previous cases "that got convictions. Mr. Redden have equipment at River Heights Motel Room #121 which is used to make counterfeit money." While the affidavit could have been more explicit in its terms, it reasonably conveyed that the officer received information from the informant, whose identity was disclosed to

the judge who issued the search warrant, that Redden had counterfeiting equipment in his motel room. Under the totality of the circumstances, the judge who issued the search warrant had a substantial basis for finding that the affidavit established probable cause to believe that evidence of counterfeiting would be found in Redden's motel room. *See id.* Further, even if the search warrant were deficient, the evidence obtained during the search was admissible under the good-faith exception to the exclusionary rule because, despite Redden's argument to the contrary, there is no evidence that the issuing judge abandoned his neutral and detached role, and the affidavit was not so lacking in probable cause that belief in its existence was objectively unreasonable. *See Thomas*, 605 F.3d at 311.

Accordingly, we affirm the district court's order denying Redden's motion to suppress.