**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0696n.06

No. 11-5483

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 29, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DAVID M. GILLIAM, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SILER and KETHLEDGE, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM. David M. Gilliam appeals the district court's order denying his motion to suppress. We affirm the order for reasons stated herein.

On March 19, 2009, law enforcement officers executed a search warrant at David Gilliam's home and discovered evidence that he had produced child pornography. Gilliam was charged with two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). After the district court denied Gilliam's motion to suppress the evidence seized during the search of his home, he conditionally pleaded guilty to two counts of producing child pornography. The district court sentenced him to two concurrent prison terms of 240 months.

---

[*]The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Gilliam argues that the search warrant was invalid because (1) the supporting affidavit lacked probable cause, and (2) the good-faith exception to the exclusionary rule should not apply. We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. McCraney*, 674 F.3d 614, 616 (6th Cir. 2012). "The Fourth Amendment mandates that a search warrant may only be issued upon a showing of probable cause." *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010). "Probable cause exists 'when there is a fair probability . . . that contraband or evidence of a crime will be found in a particular place.'" *Id.* (internal quotation marks omitted) (quoting *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)). When reviewing the sufficiency of a search warrant affidavit, we "consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004).

Here, the affidavit supporting the search warrant stated that the affiant had received information from Trooper Josh Brashears, who was working on a complaint involving sexual activity between Gilliam and four minors. Brashears's report stated that Gilliam had photographed and taken videos of sexual acts between himself and the four minors. Brashears had taken statements from the minors, and one of them, who was named in the affidavit, reported having seen the images on a computer in Gilliam's bedroom. The affidavit further stated that the affiant had conducted an investigation and located Gilliam's residence, and a specific description of the residence was included in the affidavit. The items sought included photographs, videos, computers, and other digital media that could store images of child pornography.

We agree with the district court that the affidavit established probable cause. First, it provided a connection between Gilliam and the residence being searched. Second, since it

incorporated the testimony of an informant who "witnessed the illegal activity on the premises searched and was known to the officer writing the affidavit," it set forth a sufficient basis for concluding that the named minor's accusations against Gilliam were reliable. *United States v. Dyer*, 580 F.3d 386, 392 (6th Cir. 2009). Third, given the nature of the allegations against Gilliam and Brashear's statement that he "was working on" an investigation of Gilliam, the affidavit was not based on stale information. *See United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010) (noting that the staleness inquiry that controls in most offenses is not applicable in child pornography crimes because of the persistence of such images when stored on a computer). Under the totality of the circumstances, the judge who issued the search warrant had a substantial basis for finding that the affidavit established probable cause to believe that child pornography would be found in Gilliam's residence. *See Woosley*, 361 F.3d at 926.

Moreover, even if the search warrant were deficient, the evidence obtained during the search would be admissible under the good-faith exception to the exclusionary rule. Despite Gilliam's argument to the contrary, the affidavit was not so lacking in indicia of probable cause that belief in its existence was objectively unreasonable. *See Thomas*, 605 F.3d at 311.

Accordingly, we **AFFIRM** the district court's order denying Gilliam's motion to suppress.