NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0224n.06

No. 23-5798

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ADAM LANG, | ) | KENTUCKY |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |

**FILED**
May 30, 2024
KELLY L. STEPHENS, Clerk

Before:  SILER, CLAY, and GRIFFIN, Circuit Judges.

SILER, Circuit Judge.  After police officers pulled Defendant Adam Lang out of a car onto the side of I-275 in Kentucky, a chain of events unfolded that led to Lang's arrest and search.  Lang argues that because his removal from the car was unconstitutional, so too was the later search incident to arrest.  But timing is not the question here: causation is.  Because Lang failed to establish that his removal from the car caused the events which then established probable cause for his arrest and search, we affirm the district court's denial of his suppression motion.

I.

One afternoon on I-275 in Campbell County, Kentucky, Officer Patrick Feldman noticed a car with a cracked windshield and expired registration.  He pulled the car over and walked up to its passenger side to avoid the heavy interstate traffic on the driver's side.  Because the front passenger's window was not working, Feldman asked the front passenger—Defendant Adam Lang—to open the door so that he could speak with the driver.  As Lang opened his door, Feldman noticed a small digital scale in the door's pocket.  Feldman suspected drug activity.

When Feldman requested identification from Lang and the driver, Lang refused to hand over his license or provide his name. The noise from the highway drowned out his conversation with the driver and he suspected drug activity, so Feldman decided to ask both occupants to exit the vehicle. Feldman noticed that the driver seemed reluctant to do so and that both occupants appeared overly nervous. When another officer, Michael Rowland, arrived, Feldman asked him to remove Lang from the vehicle and identify him.

While Rowland interviewed Lang, Feldman spoke with the driver. She expressed surprise when asked about the scale, described Lang as a "habitual meth[amphetamine] user," and consented to a search of her car and person. In his search of the car, Feldman found drug paraphernalia, including the scale, unused syringes, vials of water, and cotton swabs.[1] The driver denied the items belonged to her and accused Lang or somebody else of leaving the items in her car.

Meanwhile, Rowland interviewed Lang, who first correctly identified himself as "Adam Lang" and mentioned that he had recently been incarcerated. Yet when Rowland asked Lang to confirm his identity, he refused, and eventually identified himself as "Nicholas Jason Lang." Rowland ran the name through databases and found no results, despite Lang's professed criminal history. He realized then that Lang provided a false identity, in violation of Ky. Rev. Stat. § 532.110(1).

Feldman confronted Lang with the fruits of the vehicle search. Lang provided an explanation for each item. The scale, he claimed, was for measuring coins for collection and sale; the water was for his daughter's breathing treatments; and the needles, for insulin. The officers determined the drug paraphernalia constituted probable cause to search and arrest Lang. They

---

[1]     Feldman testified that the cotton from a swab can be used to filter heroin through vials of water for administration via a syringe.

found fentanyl, methamphetamine, and a glass methamphetamine pipe on Lang's person and arrested him.

Following his indictment for possessing methamphetamine with the intent to distribute it, Lang moved to suppress all evidence obtained from the traffic stop. A magistrate judge held an evidentiary hearing and recommended denial of the motion to suppress. The district court partially adopted the magistrate judge's recommendation, holding Lang's removal from the car unconstitutional, but also holding that the drug paraphernalia found incident to the consensual vehicle search and Lang's false self-identification each independently provided probable cause to arrest and search Lang. It denied Lang's suppression motion over his objections.

Lang conditionally pleaded guilty to possessing with the intent to distribute methamphetamine and reserved his right to appeal the denial of his suppression motion. The district court sentenced him to 96 months' imprisonment followed by five years of supervised release.

II.

In evaluating the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Marsh*, 95 F.4th 464, 468 (6th Cir. 2024). We will affirm the denial "if the district court's conclusion can be justified for any reason." *United States v. Moorehead*, 912 F.3d 963, 966 (6th Cir. 2019) (citation omitted). And we review the evidence "in the light most likely to support the district court's [denial]." *Id.* (citation omitted).

Lang's argument is as simple as it is limited: but for his unlawful[2] removal from the car, he would not have lied about his identity, the driver would not have consented to a search of her car, and the officers would not have had probable cause to arrest and search his person. Therefore, he claims, the evidence found pursuant to that search is fruit of a poisonous tree that must be suppressed.[3]

Lang's argument rests on a faulty premise and nonprecedential caselaw.[4] According to Lang, once a Fourth Amendment violation has occurred, any evidence from searches that come after that violation are "tainted" and must be suppressed. "Temporal proximity is the only arrow in the defendant['s] quiver, and it pierces nothing." *United States v. Clariot*, 655 F.3d 550, 555 (6th Cir. 2011). The question is not timing—the question is causation. "The exclusionary rule forbids the government from using evidence *caused* by an illegal seizure, not evidence found around the time of a seizure." *United States v. Figueredo-Diaz*, 718 F.3d 568, 576 (6th Cir. 2013) (quoting *Clariot*, 655 F.3d at 555). So Lang must show that his unconstitutional removal from the

---

[2] For purposes of this analysis, we will assume without deciding that Lang's removal from the car violated his Fourth Amendment rights.

[3] Lang did not make this argument in his motion to suppress, in his post-hearing briefing, or his objections to the magistrate judge's Report and Recommendation. He instead raised it for the first time on appeal. Although his forfeiture of this argument is a close call, *see United States v. Woosley*, 361 F.3d 924, 928 (6th Cir. 2004) (defendants who enter into conditional plea agreements only preserve arguments made below), neither party addressed forfeiture on appeal, and the district court referenced the merits of this argument in its denial of Lang's suppression motion. *United States v. Clariot*, 655 F.3d 550, 556 (6th Cir. 2011) ("[T]here can be no forfeiture where the district court . . . addressed the merits of the issue."). Therefore, we will address the merits of his argument.

[4] Lang cites *United States v. Alderson*, No. 3:21-CR-68, 2022 WL 3356025 (M.D. Tenn. Aug. 12, 2022), and *United States v. Chivers*, No. 1:19-cr-119, 2020 WL 5757135 (S.D. Ohio Sept. 28, 2020), quite extensively in his brief. But because these are unpublished, nonprecedential district court opinions, they do not aid in our analysis.

vehicle *caused* him to provide a false identity or that it *caused* the driver to consent to a search of her car.[5]

But Lang does not and cannot show causation: his removal from the car was "entirely superfluous" to the officers' eventual search of his person. *Id.* at 575. The record contains no explanation of why or how the removal caused Lang to provide a false identification or why it caused the driver to consent to a search of her car and identify Lang as a methamphetamine user, and Lang offers no such explanation on appeal. *See United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted). In other words, the search incident to arrest was "completely dependent *upon [Lang's and the driver's]* conduct, and had nothing to do with" Lang's removal from the car—and Lang does not meaningfully attempt to argue otherwise. *Figueredo-Diaz*, 718 F.3d at 575. Because the officers had probable cause to arrest and search Lang entirely unrelated to his removal from the car, the evidence uncovered in that search is not subject to suppression.

Lang does not dispute the district court's findings that his false self-identification and the contents of the vehicle uncovered in the search each independently provided probable cause to arrest him and search his person. *See Rawlings v. Kentucky*, 448 U.S. 98, 110–11 (1980) (permitting officers to conduct a full search of an arrestee's person before their arrest). We will therefore not review the district court's decision on that matter. And because Lang's suppression

---

[5]     Assuming that Lang and the driver were unlawfully seized from the vehicle, and that the driver's consent was offered during this unlawful seizure, we acknowledge that we have previously held that "evidence obtained pursuant to a consent to search that was granted during an illegal seizure" should be excluded. *United States v. Lopez-Arias*, 344 F.3d 623, 629 (6th Cir. 2003) (citing *Florida v. Royer*, 460 U.S. 491, 507–08 (1983)). But Lang was convicted based on the evidence seized from his *person*, not from the vehicle. And he fails to challenge the legality of the consent search on appeal, thus we need not address this line of reasoning further.

motion would fail regardless of the constitutionality of his removal from the car, we need not review the district court's decision on that matter, either.

**AFFIRMED.**