60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Thomas RICHARDSON, Defendant-Appellee.
 No. 94-6016.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1995.
 
 On Appeal from the United States District Court for the Eastern District of Tennessee, No. 93-00025; Robert Leon Jordan, District Judge.
 E.D.Tenn.
 REVERSED.
 Before: MARTIN and RYAN, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 The United States appeals the district court's order granting Thomas Richardson's motion to suppress evidence seized during a search of his residence, claiming that the good faith exception to the exclusionary rule validates the search. For the following reasons, we REVERSE the decision of the district court.
 
 
 2
 After an eight-month investigation, Special Agent Gregory Monroe of the Tennessee Bureau of Investigation obtained a federal search warrant for a single-wide house trailer located at Route 1, Box 335, LaFollette, Tennessee, on May 2, 1990. Police launched this investigation after receiving information that Richardson and another individual were growing marijuana in a single-wide trailer on Doaks Creek Road in Carryville, Tennessee.
 
 
 3
 Seeking to corroborate this information, police conducted surveillance on the property between November 14, 1989, and April 30, 1990. During that time, officers observed that there were no paths to or away from the doors of the trailer, that the trailer's windows were covered from the inside, and that there was no evidence of vehicles. They also noted that although there were no signs of life inside the trailer, the air conditioner was operating. Moreover, the trailer's utility bills revealed no drastic change in electricity usage between winter and summer months--a fact consistent with an indoor marijuana growing operation.
 
 
 4
 After several unsuccessful attempts to reach someone at the single-wide trailer, police contacted the occupant of the adjacent double-wide trailer, Richardson's grandmother. She stated that the single-wide trailer was then unoccupied and used for storage but indicated that Richardson had previously lived there for several months. Police also discovered that Richardson had received two UPS shipments from Applied Hydroponics, a manufacturer of indoor plant growing equipment, at a Woodson Mall shoestore where he previously did carpentry work.
 
 
 5
 Based upon this data, Monroe obtained a federal warrant to search the single-wide trailer. Inside, agents discovered a large, high-quality marijuana growing operation, including a grow room, a seedling room, and a cut room. They also found various documents bearing Richardson's name and two issues of High Times magazine. All told, agents discovered, seized, and counted 382 marijuana plants growing in the trailer.
 
 
 6
 Later that evening, Special Agent Monroe obtained a state search warrant authorizing the search of Richardson's residence at 102 Phillip's Street. Presumably due to his location and the late hour, Monroe chose to obtain the warrant from a state judge, rather than returning to the federal magistrate who issued the first warrant. With the help of Assistant District Attorney Mike Ripley, Monroe prepared an additional affidavit that incorporated the earlier federal search warrant and described the evidence seized from the trailer. Monroe attached various other documents to this affidavit, including documents bearing Richardson's name. The state judge issued the warrant at 9:40 pm, and the search of Richardson's residence followed.
 
 
 7
 On February 17, 1993, a federal grand jury returned an indictment charging Richardson with one count of manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Richardson filed a motion to suppress evidence obtained during the search of his trailer, on June 1, and a separate motion to suppress evidence seized during the search of his residence, on June 3. After two suppression hearings, a United States magistrate judge granted Richardson's second motion, concluding that the warrant for the search of his residence was invalid because Monroe's reliance upon it was not in good faith. Observing that "the warrant in question was so lacking in the indicia of probable cause as to render official belief in its existence entirely unreasonable," the magistrate concluded that the evidence seized during the search of Richardson's residence must be suppressed. The district court adopted the magistrate's findings of fact and conclusions of law regarding the suppression and entered a memorandum and order suppressing the evidence seized from Richardson's residence, on August 4, 1994. This timely appeal followed.
 
 
 8
 In United States v. Leon, 468 U.S. 897 (1984), the supreme court carved out an exception to the exclusionary rule that permits the admission of otherwise-suppressible evidence if law enforcement officers reasonably relied upon a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. The court reasoned:
 
 
 9
 [W]here the officer's conduct is objectively reasonable, "excluding the evidence will not further the ends of the exclusionary rule in any appreciable way; for it is painfully apparent that ... the officer is acting as a reasonable officer would and should act in similar circumstances. Excluding the evidence can in no way affect his future conduct unless it is to make him less willing to do his duty' "
 
 
 10
 Id. at 920 (quoting Stone v. Powell, 428 U.S. 465, 539-40 (1976) (White, J., dissenting)). Thus, evidence obtained pursuant to a subsequently invalidated warrant will not be excluded if the executing officer exhibits "objectively reasonable reliance" on the magistrate's determination of probable cause. Id. at 922.
 
 
 11
 The United States contends that although the affidavit in support of the search of Richardson's residence did not establish probable cause for that search, Special Agent Monroe's reliance upon the warrant was "objectively reasonable." Highlighting the general preference for warrant-based searches, the United States points out that instead of immediately arresting Richardson after searching the trailer, Special Agent Monroe took the time to obtain a warrant to search his residence. Moreover, according to the United States this was not a situation where "the affidavit in support of the search warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923.
 
 
 12
 Richardson responds that the district court correctly held that the "good faith" exception was inapplicable to this case. As an initial matter, Richardson asserts that the warrant and subsequent search were fatally flawed, because the warrant was not based upon probable cause; the supporting affidavit did not indicate that the need to search was based upon the absence of evidence in the trailer and the corresponding likelihood of discovering it at Richardson's residence. Richardson also alleges that no nexus between his residence and any criminal activity was established. Thus, he argues that the district court correctly analogized this case to United States v. Schultz, 14 F.3d 1093, 1097 (6th Cir.1994), where this Court determined that an officer's "training and experience" is not enough to establish a nexus of probable cause between the criminal activity and the place searched. In addition, Richardson asserts that an officer cannot demonstrate his good faith reliance upon a warrant by later testifying about what information he knew but failed to convey in the supporting affidavit. E.g., United States v. Hove, 848 F.2d 137, 140 (9th Cir.1988) (holding that "an obviously deficient affidavit cannot be cured by an officer's later testimony on his subjective intentions or knowledge").
 
 
 13
 We find that Special Agent Monroe's reliance upon the warrant at issue was "objectively reasonable." Leon, 468 U.S. at 920. The search of the trailer uncovered evidence of a large marijuana growing operation, as well as evidence of Richardson's involvement in that operation. Significantly, however, the search revealed no evidence of marijuana packaging materials, packaged marijuana, weighing devices, or customer records. Thus, it was reasonable for Special Agent Monroe to seek a warrant to search Richardson's residence for the missing items. Special Agent Monroe undoubtedly had probable cause to believe that Richardson had committed a crime. Schultz, 14 F.3d at 1098. Furthermore, although the nexus between the evidence sought and Richardson's residence was insufficient to establish probable cause, that link was not "so remote as to trip on the 'so lacking [in indicia of probable cause as to render official belief in its existence entirely unreasonable]' hurdle." Id.
 
 
 14
 For the foregoing reasons, we REVERSE the decision of the district court and remand the case for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation