**UNITED STATES of America, Plaintiff,**

v.

**David CLAY, Defendant.**

No. 1:07–cr–178.

United States District Court, W.D. Michigan, Southern Division.

Oct. 18, 2007.

---

Mark Courtade, AUSA, Grand Rapids, MI, for Plaintiff.

Christopher Yates, Grand Rapids, MI, for Defendant.

### Opinion and Order Denying the Defendant's Motion to Suppress Evidence

PAUL L. MALONEY, District Judge.

On July 12, 2007, the United States government issued an indictment charging David Clay with the manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and seeking forfeiture of property under 21 U.S.C. § 853. Clay was arraigned and released on an unsecured $15,000 appearance bond on July 30. On August 31, Clay moved to suppress evidence on the ground that the affidavit presented to the United States Magistrate Judge ("magistrate") did not establish probable cause and thus did not support issuance of the warrant to search his home. Clay also contends that the *Leon*

good-faith exception to the warrant requirement and exclusionary rule does not apply. On September 20, the prosecution filed a brief in opposition to the motion, and Clay did not file a reply brief. A final pretrial conference is scheduled for Monday, October 22, 2007, and a jury trial is scheduled to commence on Tuesday, October 30, 2007.

For the reasons that follow, the court will deny the defendant's motion to suppress and will admit the evidence yielded by the search.

Police officer Powell received an anonymous tip, allegedly based on first-hand observation, that marijuana was being grown in a secret room beneath Clay's residence in Sparta, Michigan. In an effort to corroborate the tip, Officer Powell learned that Clay resided at the address given, that Clay had a 2003 conviction for delivery of marijuana, and that a previous search of the same premises found that Clay had been growing 72 marijuana plants with the aid of lights and timers. To ascertain whether Clay might be growing marijuana, Officer Powell obtained Clay's electric bills, and an unnamed electricity-company employee allegedly told him that the usage was unusually high and showed abnormal fluctuations in usage from month to month.

In support of his application for a warrant to search Clay's residence, Officer Powell submitted an affidavit to the Magistrate Judge stating, in part:

Affiant says that he has probable cause to believe that the above-listed things to be seized are now located upon said premises, based upon the following facts:

\* \* \* \* \* \*

Your affiant and the Kent Area Narcotics Enforcement Team are currently in-

volved in the investigation of the sales and manufacture of marijuana occurring from the residence located at 45 Grove St, City of Sparta, County of Kent, 49345, State of Michigan.

Your affiant received an anonymous tip about a possible marijuana grow operation in the basement of 45 Grove St, City of Sparta, State of Michigan, County of Kent, 49345. The tipster stated that a subject named David Clay resides at this address. The tip stated that David Clay has a hidden door in the bedroom closet that goes into the basement area where there is a marijuana grow operation. The tipster stated David showed him/her the hiding area and the plants while he/she was at the residence. David also at that time stated "the police can't get me."

Your affiant checked this address through the Michigan Secretary of State, which shows David Michael Clay, DOB: 04–27–1972, residing at 45 Grove St.…

Your affiant conducted a criminal history check and discovered [that] David Michael Clay, DOB: 04–27–1972 has been convicted of delivery/manufacture [of] marijuana by the 17th Circuit Court on 12–10–2003. That conviction came from an investigation done by the Kent Area Narcotics Enforcement Team. On that case the Detectives performed a consent search at 45 Grove St.… Located in that consent search were a total of 72 marijuana plants, packaging material, and miscellaneous growing equipment including lights and timers.

Your affiant conducted a search warrant with Consumers Power for electric usage and billing history at 45 Grove St.… Through an employee at Consumers Power the usage was described as being high for a single residence and

shows an abnormal fluctuation in month to month usage.

Based on training and experience, your affiant has learned that an analysis of the power usage can show peaks and valleys in the amount of power used, indicating various stages in the grow cycle.

\*　　\*　　\*　　\*　　\*　　\*

Wherefore, your affiant for the foregoing reasons does verily believe that evidence of further narcotics [sic] trafficking, proceedings of narcotics trafficking, and/or records/documents or other indicia of narcotics trafficking will be discovered within the above described premises and/or persons.

The Magistrate Judge concluded that there was probable cause to search the premises and issued a search warrant, which Powell executed and found that Clay was growing marijuana in the secret basement as the anonymous tipster had alleged.

■ In seeking the suppression of evidence, the defendant has the burden of proving some constitutional or statutory violation justifying suppression. *U.S. v. Bethal,* 245 Fed.Appx. 460, 465 (6th Cir. 2007) (quoting *US v. Rodriguez–Suazo,* 346 F.3d 637, 643 (6th Cir.2003) (quoting *US v. Feldman,* 606 F.2d 673, 679 n. 11 (6th Cir.1979))).

■ To determine whether an affidavit was sufficient to support issuance of a search warrant, the court asks whether the magistrate "had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *Rodriguez–Suazo,* 346 F.3d at 643 (quoting *US v. Davidson,* 936 F.2d 856, 859 (6th Cir. 1991)). The magistrate judge's determination of probable cause is accorded great deference. *Id.* (also citing *U.S. v. Leon,*

468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

■■ Probable cause to search is described as a "fair probability" that evidence of criminal activity will be found; there need not be a prima facie showing of criminal activity. *Rodriguez–Suazo*, 346 F.3d at 643 (citing *IL v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Put another way, probable cause is defined as " 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.' " *US v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (Griffin, J.) (quoting *US v. Bennett*, 905 F.2d 931, 934 (6th Cir.1990)), *cert. denied*, —— U.S. ——, 127 S.Ct. 2436, 167 L.Ed.2d 1137 (2007). The court determines probable cause by considering "the totality of the circumstances, including the veracity and basis of knowledge of persons supplying hearsay information...." *Jackson*, 470 F.3d at 306 (quoting *US v. Williams*, 224 F.3d 530, 532 (6th Cir.2000) (internal quotation marks omitted)). The totality-of-the-circumstances standard means that the court does not scrutinize the affidavit line-by-line. *Jackson*, 470 F.3d at 306 (citing *U.S. v. Woosley*, 361 F.3d 924, 926 (6th Cir.2004)).

■ While independent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause, "in the absence of any indicia of the informant's reliability, courts insist that the affidavit contain substantial independent corroboration." *Jackson*, 470 F.3d at 307 (citing *US v. Frazier*, 423 F.3d 526, 532 (6th Cir.2005)). Anonymous tips are subject to "more stringent scrutiny of their veracity, reliability, and basis of knowledge than reports from confidential informants." *US v. Helton*, 314 F.3d 812, 820 (6th Cir. 2003).[1]

Defendant Young asserts that the affidavit failed to offer any basis for believing that the anonymous tipster was telling the truth: "the only efforts at corroboration involved a criminal-history check, an address check, and an electricity-usage check. Consequently, the anonymous tip's incrimination information stood largely uncorroborated." Mot. to Suppress 3 ¶¶ 7–8 (relying on *US v. Helton*, 314 F.3d 812 (6th Cir.2003)).

■ But Clay's characterization of the officer's corroboration efforts is untenable. The officer confirmed that a David Clay lived at the address where Clay allegedly

---

1. If the informant were a known person who is named to the magistrate, and a law-enforcement officer attests to the informant's past reliability with some detail, the affidavit may be sufficient if the informant merely states that he has seen a particular crime and particular evidence in the recent past. *Jackson*, 470 F.3d at 307 (citing *US v. Allen*, 211 F.3d 970, 973 (6th Cir.2000) (en banc)); *see, e.g., U.S. v. Carter*, 2007 WL 1434801, *3 (W.D.Mich. May 14, 2007) (Bell, C.J.) ("The confidential informant's veracity and reliability is supported by evidence in the Affidavit that the confidential informant had previously given Officer Collins information leading to the arrest of at least ten subjects selling illegal narcotics and that he had never given false or misleading information. This information, standing alone, was sufficient to permit the

magistrate judge to consider the confidential informant's hearsay evidence to be reliable.") (citing, *inter alia*, *U.S. v. Greene*, 250 F.3d 471, 480 (6th Cir.2001)).

"An affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." *Jackson*, 470 F.3d at 307 (citing *U.S. v. Woosley*, 361 F.3d at 926); *see, e.g., U.S. v. Pinson*, 321 F.3d 558, 563 (6th Cir.2003) (affidavit was sufficient where it contained the officer's personal observation, his pat-down of the informant before and after the drug buy, and a statement that the substance purchased by the informant later tested positive for cocaine base).

showed marijuana plants to the tipster and that Clay had a prior conviction for growing the same illegal substance (marijuana) at the very same residence. While those facts alone might not be enough to support a finding of probable cause in the absence of some evidence of the tipster's past reliability, *see Hale v. Kart*, 396 F.3d 721, 729 (6th Cir.2005) ("anonymous informants generally cannot establish probable cause alone"), the abnormal electricity usage pattern discovered at Clay's residence places the affidavit on firm ground.

 Clay does not attempt to deny that his electricity usage, both in quantity and fluctuation, is arguably consistent with a marijuana growing operation; in light of his past conviction for running just such an operation at the location of the place to be searched, the affidavit showed a "fair probability", *Rodriguez–Suazo*, 346 F.3d at 643, that there was an illegal grow operation at Clay's residence.[2]

 Federal courts around the country have noted the relevance and weight of electricity-usage evidence in determining probable cause or the reasonableness of a search. "Corroboration from facts such as increased electrical usage may compensate for lack of information about an informant's reliability or the basis of his knowledge." *U.S. v. Kattaria*, 503 F.3d 703, 707, 2007 WL 2892027, *4 (8th Cir. Oct. 5, 2007) (warrant to use aerial thermal-imaging to detect excess heat from house was supported by probable cause where, *inter*

*alia*, affidavit stated that subject's home used 1890–2213 kilowatt-hours of electricity per month over the previous six months compared to only 63–811 kilowatt-hours per month over the same period at nearby residences) (citing *US v. Olson*, 21 F.3d 847, 850 (8th Cir.1994)). *See, e.g., U.S. v. Lindow*, 47 F.3d 1171, 1995 WL 57385 (6th Cir. Feb.10, 1995) (probable cause supported issuance of search warrant where, *inter alia*, "investigation by DEA agents in Michigan revealed that the Lindow residence had recently consumed ten times more electricity than the average for the surrounding area"); *US v. Thomas*, 2007 WL 1577725 (M.D.Tenn. May 30, 2007) (affidavit sufficed to establish probable cause where, *inter alia*, it provided data showing that in the six months preceding the warrant application, the subject premises consumed up to three times as much electricity as a smaller house nearby).

Thus, even if the anonymous tip on its own were not entitled to much weight in determining probable cause, the court determines that the police officer's subsequent discoveries sufficed to establish probable cause to search Clay's home. *Cf. U.S. v. Wade*, 2006 WL 2583271, *3–4 (W.D.Mich. Sept.7, 2006) (Quist, J.) (because affidavit provided no basis to discern the anonymous tipster's basis for knowledge, the tips were "not entitled to significant weight"; nonetheless, "anonymous tips may not be viewed in isolation", and officer's subsequent discovery established

2. Even if the anonymous tipster did not specify precisely *when* Clay showed him the marijuana plants at 45 Grove Street, the court need not find that the tip was stale. In *US v. Hammond*, 351 F.3d 765 (6th Cir.2003), officers seeking a search warrant relied on a four-month-old tip that Hammond had an indoor marijuana grow operation on his property. *Id.* at 768. The Sixth Circuit concluded that the tip was not stale because "the crime of drug trafficking is ongoing, the defendant's location is established, the drugs were likely to be there for an indefinite period of time, and the place to be searched constituted a secure operational base." *Id.* at 772. *Hammond's* emphasis on the defendant's "secure operational base" is particularly relevant here, where the tipster reported, and the police found, that Clay had created a secret sub-basement to shield his ongoing grow operation.

probable cause); *contrast Elliott v. Lator,* 2006 WL 1806475 (E.D.Mich. June 28, 2006) (Rosen, J.) (granting summary judgment to plaintiffs on claims arising out of unlawful search of their home, as search-warrant affidavit said nothing about the reliability of the anonymous tipster *and* the affidavit did not "indicate whether any steps were taken to corroborate such information—and, in fact, it is evident from the record that *no such corroboration was sought or obtained,* whether through surveillance, a record search, or otherwise.") (footnote omitted). (Emphasis supplied.)

■■■■■ Alternately, even if the affidavit were insufficient to support a finding of probable cause to search Clay's residence, the evidence is still admissible because the court finds that Officer Powell conducted the search in the good-faith belief that the warrant was valid. As our Circuit has explained,

> Though evidence obtained in violation of the Fourth Amendment is generally excluded, the Supreme Court has held that the exclusionary rule should be modified so as not to bar the admission of evidence seized in reasonable good faith reliance on a search warrant that is subsequently held to be defective. *United States v. Leon,* 468 U.S. 897, 905, 104 S.Ct. 3405 (1984).
> The good faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all the circumstances may be considered. *Id.* at 922–23 n. 3, 104 S.Ct. 3405.... "[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting

the search." *Id.* at 922, 104 S.Ct. 3405....

> *Leon's* good faith exception does not apply in the following sets of circumstances: (1) the supporting affidavit contained knowing or reckless falsity; (2) the issuing magistrate wholly abandoned his or her judicial role; (3) the affidavit is "so lacking in probable cause as to render official belief in its existence entirely unreasonable"; or (4) where the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *Id.* at 923, 104 S.Ct. 3405.

*US v. Frazier,* 423 F.3d 526, 533 (6th Cir.2005) (second paragraph break added). Moreover, to establish a good-faith reliance under Leon, the government has "a less demanding showing than the 'substantial basis' threshold required to prove the existence of probable cause in the first place," because otherwise the "exception would be devoid of substance." *US v. Carpenter,* 360 F.3d 591, 595 (6th Cir. 2004).

The *Leon* good-faith exception applies, because the affidavit did not contain knowing or reckless falsity, the magistrate judge did not wholly abandon his judicial role, and the affidavit is not so lacking in probable cause as to render official belief in the existence of probable cause "entirely unreasonable." *See U.S. v. Huggins,* 299 F.3d 1039, 1041–45 (9th Cir.2002) (an objectively reasonable officer could rely on an affidavit when it presented information that the defendant's home consumed electricity in a manner consistent with marijuana cultivation, so the *Leon* good-faith exception to the warrant requirement applied); *U.S. v. Jarrell,* 68 Fed.Appx. 622, 625–26 (6th Cir.2003) (officer's reliance on warrant to search house was reasonable where he "relied on the informant's tip, his corroboration of the informant's information, the electrical power usage records,

and his knowledge as a police officer with experience in the area of marijuana growing cases"); *U.S. v. Richardson*, 60 F.3d 829, 1995 WL 408065 (6th Cir. July 10, 1995) (good-faith exception applied where, *inter alia*, police saw air-conditioner running in trailer even though nobody was present, the trailer's windows were covered from the inside, and "the trailer's utility revealed no drastic change in electricity usage between winter and summer months—a fact consistent with an indoor marijuana growing operation.").

Accordingly, the defendant's motion to suppress evidence is **DENIED.**

**IT IS SO ORDERED.**