RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0475p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-1937

KARIM KOUBRITI,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-80778—Gerald E. Rosen, District Judge.

Argued: November 28, 2007

Decided and Filed: December 12, 2007

Before: MARTIN, SILER, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** James R. Gerometta, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Jennifer Peregord Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** James R. Gerometta, Richard M. Helfrick, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Jennifer Peregord Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Karim Koubriti was the first defendant brought to trial as a terrorism suspect after September 11, 2001. His trial was a highly charged affair, and resulted in his conviction on two of four counts. Afterwards, it was discovered that the United States Attorney's office in Detroit had committed numerous acts of misconduct in the prosecution of his case. The district court accordingly dismissed one count of his conviction without prejudice, and ordered a retrial on the second count for which he was convicted. Prior to the second trial, the government filed a superseding indictment replacing the count that had been ordered to be retried by the district court, albeit the new count involved some of the same conduct alleged in the first trial. Koubriti moved to dismiss, claiming that double jeopardy barred the new superseding indictment. The district court denied his motion, and this appeal followed. Because we find no double jeopardy is implicated by Koubriti's retrial, we AFFIRM the district court's decision.

1

I.

Defendant Karim Koubriti was arrested in September 2001. He was originally charged with document fraud. Apparently after a second superseding indictment had been filed, on February 11, 2003, a third superseding indictment was filed charging Koubriti, along with Ahmed Hannan, Abdel El-Mardoudi, and Farouk Ali-Haimoud, with the following four counts: (1) conspiracy to provide material support or resources to terrorists in violation of 18 U.S.C. §§ 371 and 2339A; (2) conspiracy to engage in fraud and misuse of visas, permits and other documents in violation of 18 U.S.C. § 371; (3) fraud and misuse of visas, permits and other documents in violation of 18 U.S.C. §§ 1546(a) and 2; and (4) fraud and related activity in connection with identification documents and information in violation of 18 U.S.C. §§ 1028(a)(6) and 2.

Koubriti and his three co-conspirators were brought to trial in the summer of 2003. On June 3, 2003, after a lengthy jury trial, Koubriti was convicted of counts (1) and (2) for violations of 18 U.S.C. § 371.

In post-trial proceedings, it was discovered that the government had engaged in improper conduct, namely the withholding of material evidence from the defense. Koubriti moved for a judgment of not guilty notwithstanding the verdict, or in the alternative a new trial based on the allegations of prosecutorial misconduct. In response to Koubriti's allegations, the government conducted its own internal investigation. As a result of that investigation, the government filed a fifty-nine page memorandum confessing its numerous improprieties and concurred in the relief sought by Koubriti. Accordingly, on September 2, 2004, the district court dismissed the terrorism-related charges in count (1) without prejudice, and granted a new trial as to the document fraud charges in count (2).

A little over three months later, on December 15, 2004, the government filed a fourth superseding indictment charging Koubriti and Hannan with conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. These allegations stemmed from a staged car accident occurring on July 5, 2001, for which Koubriti and Hannan attempted to claim insurance proceeds and benefits to which they were not entitled. No terrorism charges were included in this indictment.

Koubriti moved to dismiss on double jeopardy grounds, claiming that the terrorism conspiracy alleged in the third superseding indictment contained the same alleged acts and agreement that constituted the conspiracy alleged in the fourth superseding indictment.

II.

*1.     Double Jeopardy*

This Court reviews *de novo* a district court's denial of a motion to dismiss on double jeopardy grounds. *United States v. Cameron*, 953 F.2d 240, 243 (6th Cir. 1992).

The Fifth Amendment protects individuals from being twice put in jeopardy of life or limb for the same offense, either by being twice punished or twice tried. *Id.* While this protection is "fundamental to the American scheme of justice," *id.*, it is not an absolute bar to retrial in every case.

In the present context, Koubriti requested a mistrial numerous times throughout the trial, and renewed those requests after his conviction. Eventually, the district court granted Koubriti's request, and declared a mistrial, dismissed his conviction on the first count, and ordered a new trial on the second count. The law is clear "that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some

error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).  This rule is based on the careful balance struck by the Supreme Court between an individual's right to be free from successive prosecutions for the same offense and society's interest in punishing one whose guilt is clear.  "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *Id.*  (citing *United States v. Tateo*, 377 U.S. 463, 466 (1964)).

Accordingly, double jeopardy is not implicated here.  Koubriti obtained a mistrial due to trial error, and the government is allowed to retry him for the same offense or conduct. *Id.*

### 2.     *The Oregon v. Kennedy Exception*

Koubriti argues that his case falls into a narrow exception to the rule discussed above, namely, that the governmental misconduct at trial was intended to goad him into moving for a mistrial and in such circumstances, double jeopardy bars retrial.  This narrow exception was laid out in *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982): "Only where the government conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." The Court specifically stated that only where there is an intent on the part of the prosecutor "to subvert the protections afforded by the Double Jeopardy Clause," will this exception apply and bar retrial. *Id.*

Thus, Koubriti has the difficult task of showing the prosecutor intended to cause a mistrial by his improper actions, and was not simply trying to obtain a conviction by any means necessary. *See United States v. Parton*, No. 96-5703, 1996 U.S. App. LEXIS 33280 (6th Cir. 1996).

In the present case, the district court held that Koubriti has not shown any intent on the part of the government to terminate the trial by provoking a defense motion for mistrial.  This Court reviews the district court's factual finding regarding the government's intent to goad the defendant into moving for a mistrial under the clearly erroneous standard.  As the district court succinctly found, "any fair reading of the course of the trial and post-trial proceedings which occurred in this case evince, if anything, the over-zealousness and overreaching of the prosecutor in an attempt to obtain a conviction . . . ; there is absolutely no evidence that the prosecutor was attempting to goad defendant into seeking a mistrial."  A review of the record supports the district court's determination, and certainly does not suggest a clearly erroneous finding by the district court.

### III.

Because Koubriti succeeded in setting aside his conviction due to trial error and does not fall under the narrow exception outlined in *Oregon v. Kennedy*, double jeopardy does not bar retrial. Accordingly, we AFFIRM the district court's denial of Koubriti's motion to dismiss.