NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0051n.06

Case No. 23-3549

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MICHAEL A. EDWARDS, | ) ) | |
| Defendant-Appellant. | ) ) ) | O P I N I O N |

FILED
Feb 02, 2024
KELLY L. STEPHENS, Clerk

Before: BOGGS, GILMAN, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** After one of his drug customers died of an overdose, Michael A. Edwards pleaded guilty to conspiracy to distribute fentanyl, knowing that the government would seek an overdose-death enhancement. But, after failing to timely disclose evidence it planned to use in support of the enhancement, the government withdrew its request for the enhancement before sentencing.

Shortly after, Edwards was indicted for *distributing* fentanyl (as opposed to conspiracy) arising out of the same events—again accompanied by the overdose-death enhancement. Edwards moved to dismiss this indictment on double jeopardy grounds. But, after the district court rejected his motion, Edwards pleaded guilty to the second offense. Edwards's plea agreement included an appellate waiver, although it preserved his right to appeal the denial of his motion to dismiss.

On appeal, Edwards argues that the Double Jeopardy Clause bars his second prosecution because the government had planned to seek the overdose-death enhancement in his first

conviction, but actually pursued it in the second. Edwards has arguably waived his right to raise this issue but, regardless, it contradicts Supreme Court precedent, so we AFFIRM.

I.

A.

On September 21, 2020, a Munson, Ohio man, identified as A.S., died of a fentanyl overdose. A police investigation led to Michael A. Edwards and four others, who were found selling drugs out of a home in Euclid, Ohio. A February 2021 search of this home found counterfeit oxycodone pills containing fentanyl, a firearm, ammunition, digital scales, and other drug paraphernalia. The investigation ultimately uncovered that Edwards himself delivered the pills that caused A.S.'s overdose.

B.

On February 18, 2021, Edwards and four others were indicted in the Northern District of Ohio for conspiring to possess with intent to distribute and to distribute fentanyl, in violation of 21 U.S.C. §§ 841 and 846.

Edwards pleaded guilty to this charge "aware that the Government would argue at his sentencing for an enhancement based on its belief that [he] was responsible for the death of the overdose victim." R.18, Order at 2, PageID 189. But only a week before sentencing, the government notified Edwards of previously undisclosed evidence that it planned to use in support of the overdose-death enhancement. In response to Edwards's motion in limine, the government withdrew its sentencing memorandum and all exhibits related to the overdose death. At sentencing, the government did not seek an enhancement for A.S.'s death. So the district court sentenced Edwards to 46 months of imprisonment, without considering an overdose-death enhancement.

C.

On July 14, 2022, Edwards was once more indicted in the Northern District of Ohio, this time for (1) distributing a mixture and substance containing fentanyl, in violation of 21 U.S.C. § 841, and (2) willfully receiving a firearm while under indictment, in violation of 18 U.S.C. §§ 922 and 924. The indictment confirmed that the distribution charge related to the events of September 21, 2020, and asked for an enhanced penalty for A.S.'s death under 21 U.S.C. § 841.

Edwards moved to dismiss the distribution count, claiming a violation of the Double Jeopardy Clause. Edwards first claimed that his second prosecution was barred under the "elements" test because it contained "all of the elements" of his first one, "with the additional element of an increased penalty for the victim's alleged overdose death." R.12, Motion to Dismiss at 9, PageID 40. In the alternative, Edwards claimed that the second prosecution was barred because it "require[d] the re-litigation of factual and legal issues already addressed in the first." *Id.* at 10, PageID 41.

Although "sympathetic" to Edwards's situation, the district court rejected his motion to dismiss, deeming neither argument persuasive. R.18, Order at 7, PageID 191–94. First, Edwards's claim that his second prosecution was barred by the "elements" test failed because "the conspiracy offense and the substantive distribution offense at issue" were "distinct offenses for double jeopardy purposes," under *United States v. Felix*, 503 U.S. 378, 389 (1992). R.18, Order at 4–5, PageID 191–92. And the district court rejected Edwards's "alternative test based on the issues actually litigated during two trials, as such a test has no basis in Double Jeopardy Clause jurisprudence." *Id.* at 6, PageID 193.

After the district court denied his motion to dismiss, Edwards pleaded guilty to distributing the fentanyl that caused A.S.'s death, in exchange for the government dismissing the firearm charge. As part of the agreement, Edwards also waived his appellate rights, except for reserving the right to appeal the denial of his motion to dismiss.

On June 20, 2023, the district court sentenced Edwards to 180 months' imprisonment, to be served concurrently with his earlier conspiracy sentence because "the two cases grow out of overlapping circumstances and the second prosecution might well have been brought as part of the first." R.33, Judgment at 2, PageID 389. Edwards timely appealed.

## II.

We review a district court's denial of a motion to dismiss on double-jeopardy grounds de novo. *United States v. Koubriti*, 509 F.3d 746, 748–49 (6th Cir. 2007). The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause protects defendants against "a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense." *United States v. Lawrence*, 735 F.3d 385, 426–27 (6th Cir. 2013). But "where the same act or transaction constitutes a violation of two distinct statutory provisions," a defendant may be prosecuted for both so long as "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). For instance, "a substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes," because the latter offense also requires proof of an agreement to commit the substantive crime. *Felix*, 503 U.S. at 389–90 (citing *United States v. Bayer*, 331 U.S. 532, 542 (1947)).

Edwards's Double Jeopardy Clause arguments on appeal take a different shape from the ones made in his Motion to Dismiss.[1] Edwards now claims that the overdose-death enhancement is the trigger for double jeopardy. He claims that the government put him "in jeopardy for the victim's death in the initial prosecution" by "requesting an enhanced penalty for the death by overdose under the conspiracy charge"—even though the enhancement was dropped before sentencing. Appellant Br. at 11. So "by including the enhancement in the indictment under the Distribution charge, the Government, once again, put Defendant in jeopardy for the victim's death." *Id.*

The government contends that Edwards waived this argument below. Edwards's plea agreement had an appellate waiver that carved out the right to appeal the "denial of [his] motion to dismiss" on double-jeopardy grounds. And Federal Rule of Criminal Procedure 11(a)(2) allows a criminal defendant to enter a conditional guilty plea, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."

On the one hand, we've held that such a conditional plea "preserves only the arguments [the defendant] made below." *United States v. Vanderweele*, 545 F. App'x 465, 468 (6th Cir. 2013). In *Vanderweele*, the defendant had preserved his right to seek review of the district court's "denial of his motion to suppress evidence." *Id.* at 467. On appeal, we considered the merits of only the three specific theories that he argued in support of that motion in the trial court—holding that a fourth theory was barred by his appellate waiver. *Id.* at 468–69.

---

[1] Edwards first concedes "that a conspiracy and a substantive offense are not the same offense for the purpose of Double Jeopardy." Appellant Br. at 15. And Edwards fails to renew his argument that his second prosecution is barred because it requires the re-litigation of factual and legal issues. So Edwards abandons both arguments. *See Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010) ("Our general rule is that an appellant abandons all issues not raised and argued in its initial brief on appeal.") (internal citation omitted).

On the other hand, we have generally held, in the context of waiver and forfeiture, that litigants waive or forfeit claims and not theories or specific arguments. *Leonor v. Provident Life & Accident Co.*, 790 F.3d 682, 687 (6th Cir. 2015) (citing *Gallenstein v. United States*, 975 F.2d 286, 290 n.4 (6th Cir. 1992)); *see also Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below."). And, although Edwards's theory has changed on appeal, his claim is the same: that his second prosecution violates the Double Jeopardy clause. But we hesitate to find that Edwards's new argument on appeal was not waived, because none of these cases interpreted an appellate waiver in an agreement like the one here.

In any event, even if preserved, Edwards's argument is contrary to Supreme Court precedent. Sentencing courts may consider "related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits" without violating the Double Jeopardy Clause, including by increasing the defendant's offense level under the Guidelines. *Witte v. United States*, 515 U.S. 389, 399 (1995). After all, the defendant is "being punished only for the offense of conviction." *Id.* at 402; *see also Monge v. California*, 524 U.S. 721, 729 (1998) ("Sentencing decisions favorable to the defendant, moreover, cannot generally be analogized to an acquittal."). So the Double Jeopardy Clause would not bar Edwards's second prosecution for distributing fentanyl with an overdose-death enhancement, even if his first prosecution, for conspiracy, included the enhancement. It would defy logic to find that the clause bars his second prosecution where, as here, the first conviction didn't even consider the enhancement.

III.

For these reasons, we AFFIRM.