NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0134n.06

No. 23-3443

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 20, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CARLOS PERDUE, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SILER, COLE, and MATHIS, Circuit Judges.

SILER, Circuit Judge. When Defendant Carlos Perdue pled guilty to possessing a firearm as a felon, he reserved his right to appeal the district court's denial of his motion to suppress. In that motion to suppress, Perdue argued that the traffic stop—which precipitated his arrest—was conducted without probable cause. Yet on appeal, Perdue drops his illegal-stop argument and instead raises two new arguments. He now contends that events which occurred *after* the traffic stop violated his Fourth Amendment rights. Because Perdue only reserved the right to appeal the argument he made in his motion to suppress, he waived the right to raise these new arguments. We affirm the judgment.

**I.**

One evening in Raveena, Ohio, two sheriff's deputies noticed a car operating in violation of Ohio law. Its registration stickers were improperly obscured by its license plate holder and it was illegally tailgating the car to its front. The deputies pulled the car over.

One of the deputies approached the car to speak with its driver, Tamara Perdue. Her husband, Defendant Perdue, sat in the front passenger seat. The deputy immediately smelled marijuana and asked if either occupant had been smoking marijuana. Defendant Perdue admitted that he smoked before getting in the car. Next, the deputy asked if either occupant had a firearm. Neither responded. The deputy pressed on, asking where the firearm was located. While Tamara Perdue denied having a firearm, Defendant Perdue reached into his pocket and handed the deputy a baggie of marijuana. The deputy instructed Defendant Perdue to exit the car. As Defendant Perdue opened his door and exited, the deputy noticed a firearm under the front passenger seat. The deputy detained Defendant Perdue and told his partner that there was a firearm in the car. Unprompted, Defendant Perdue claimed that the firearm was "for his protection."

Perdue was indicted for possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). He filed a motion to suppress the firearm. Perdue's argument, though initially ill-defined, eventually focused on the legality of the stop itself. During the hearing on his motion to suppress, Perdue cross-examined the deputy about the registration sticker's visibility and the following distance of Perdue's car. On direct examination, Tamara Perdue produced a photograph showing the car's registration sticker, visible and unobscured by its plate holder. She testified that she took this picture on the day of the traffic stop. But her story quickly fell apart: following a database search, the government proved that the registration sticker shown in the photo was obtained at least two months after Perdue was pulled over. The photo could not have been taken on the day of the stop.

Still, Perdue stuck to his argument. He contended in closing that the police did not have probable cause to stop the car. The district court found the stop permissible because the license plate frame obscured the registration sticker. Alternatively, the district court found the stop permissible because the vehicle was illegally tailgating. The district court concluded that the

deputy acted within the law when he instructed Perdue to exit the car, and that Perdue's statement regarding the firearm was spontaneous and not the result of interrogation. It denied Perdue's suppression motion.

Perdue pled guilty under a conditional plea agreement. Fed. R. Crim. P. 11(a)(2). He reserved only his right to appeal the denial of his suppression motion.

Yet on appeal, Perdue does not present the suppression argument that he raised in the district court. He does not argue that the stop was illegal. Rather, he raises two new Fourth Amendment arguments. First, he contends that the smell and appearance of marijuana is indistinguishable from legal hemp. Therefore, Perdue claims, the deputy did not have reasonable suspicion that he possessed a controlled substance and impermissibly removed him from the car. Second, he argues that the deputy improperly prolonged the traffic stop when he asked whether either occupant had a firearm. These arguments were neither raised in Perdue's motion to suppress nor during the hearing on his motion.

## II.

The government claims that Perdue waived these new arguments when he pled guilty. We review de novo whether Perdue waived his right to make these arguments on appeal. *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). Conditional guilty pleas must "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). The defendant has an "affirmative duty" to "preserve any issues . . . by specifying them in the plea itself." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (quotations omitted).

Perdue's plea agreement reserves his right to "appeal . . . the [district court's] denial of [his] Motion to Suppress in this matter." When a defendant pleads guilty but reserves his right to

appeal the district court's denial of his motion to suppress, as Perdue did here, he may only appeal the argument(s) he made in that motion to suppress. He has waived any other suppression arguments. *United States v. Pirosko*, 787 F.3d 358, 370-71 (6th Cir. 2015).

For example, like Perdue, the defendant in *Pirosko* pled guilty but reserved his right to appeal his motion to suppress. *Id.* at 370. And like Perdue, the defendant in *Pirosko* raised a new suppression argument on appeal. *Id.* We found that the defendant waived that new suppression argument in his conditional guilty plea. *Id.* at 371; *see also United States v. Woosley*, 361 F.3d 924, 928 (6th Cir. 2004) (holding that a defendant, who reserved his right to appeal the denial of his suppression motion, did not reserve his right to appeal arguments not made in his suppression argument); *United States v. Vanderweele*, 545 F. App'x 465, 468-69 (6th Cir. 2013) ("Vanderweele[] preserved his right to appeal the district court's denial of his motion to suppress, but he is limited to the arguments that he made there.").

In his suppression motion, Perdue argued that the traffic stop was illegal. In his conditional plea agreement, he reserved that argument for appeal. Yet on appeal, he has dropped this argument and instead argues that two events which occurred *after* the stop were unlawful. Perdue did not preserve these new arguments for appellate review. Therefore, Perdue's arguments are waived and non-reviewable.

**AFFIRMED.**